[No. 16068–1–I.   Division One.   August 20, 1986.]

THE STATE OF WASHINGTON, *Appellant,* v. DOUGLAS E. BOSECK, *Respondent.*

*Seth R. Dawson, Prosecuting Attorney,* and *Michael T. Downes, Deputy,* for appellant.

*Joseph H. Brinster* and *Jordan, Brinster, Templeman & Ryan,* for respondent.

SWANSON, J.—The State of Washington appeals the superior court order dismissing the first degree possession of stolen property charge against Douglas E. Boseck, claiming error in the dismissal of the charge where a delay in prosecuting the case in order to obtain a witness's testimony resulted in a loss of juvenile court jurisdiction.

On December 2, 1982, Ron Smith and Walter Lutz, Jr., allegedly took silver coins valued at approximately $5,000

in a burglary of a Brier, Washington residence. The coins were turned over to Randy Glaze, who in turn gave the coins to Boseck to be fenced. Boseck delivered the coins to a fence. On February 11, 1983, Boseck was arrested in connection with this crime and on February 17 gave the police a written statement admitting his involvement. Two and a half months later, on April 30, 1983, Boseck turned 18.

The prosecutor's office decided to proceed against the defendants sequentially in order to have sufficient evidence to prosecute all of them. Smith pleaded guilty to a second degree burglary charge on September 8, 1983; after a hung jury in a trial of a second degree burglary charge, on February 8, 1984, Lutz pleaded guilty to second degree possession of stolen property. Glaze pleaded guilty to first degree possession of stolen property on May 29, 1984. After Glaze was sentenced on November 14, 1984, Boseck was charged by information on November 28, 1984.

After a pretrial hearing the trial court granted Boseck's motion to dismiss the charge upon constitutional due process grounds, noting that the State's interest in improving its case at trial did not justify the delay which prejudiced Boseck by denying him the opportunity to be tried in juvenile court. The State appeals the trial court's dismissal order.

The sole issue is whether a charging delay in order to obtain a witness's testimony which resulted in a loss of juvenile court jurisdiction violated the defendant's due process rights.

The State assigns error to the following of the trial court's findings of fact:[1]

V.

The delay of 21 months in the prosecution of this offense deprived Defendant of juvenile court jurisdiction and of his rights to a speedy trial.

---

[1]The State notes that if these designated findings of fact are in fact conclusions of law, they must be interpreted as conclusions of law. *Ridgeview Properties v. Starbuck,* 96 Wn.2d 716, 719, 638 P.2d 1231 (1982).

## VI.

The state has failed to justify such a delay as being reasonable under the circumstances.

## VII.

The unreasonable delay in the prosecution of this offense which resulted in the loss of juvenile court jurisdiction was a violation of Defendant's due process rights. *State v. Hodges,* 18 Wn. App. 902 (1981); *State v. Darden,* 30 Wn. App. 460 (1981).

Findings of fact 5, 6, and 7.

■ A trial court's factual findings are of great significance to a reviewing court, particularly where those findings arise out of disputed evidence; nevertheless, the appellate court must independently examine the record to determine whether a fundamental constitutional right has been denied. *State v. Daugherty,* 94 Wn.2d 263, 269, 616 P.2d 649 (1980), *cert. denied,* 450 U.S. 958 (1981); *McNear v. Rhay,* 65 Wn.2d 530, 535, 398 P.2d 732 (1965).

■ The federal and state constitutions guarantee the accused a speedy trial.[2] *State v. Christensen,* 75 Wn.2d 678, 679, 453 P.2d 644 (1969); *State v. Wernick,* 40 Wn. App. 266, 271, 698 P.2d 573 (1985). Recently the United States Supreme Court held that the Sixth Amendment's speedy trial provision does not apply when no indictment is outstanding and the defendant is not subject to "*actual* restraints imposed by arrest and holding to answer a criminal charge", *i.e.,* incarceration, bail or other substantial restrictions on his liberty. *United States v. Loud Hawk,* ___ U.S. ___, 88 L. Ed. 2d 640, 106 S. Ct. 648, 654, *reh'g denied,* 106 S. Ct. 1289 (1986) (quoting *United States v. Marion,* 404 U.S. 307, 320, 30 L. Ed. 2d 468, 92 S. Ct. 455, 463 (1971) and adding emphasis).

Here, as in *Loud Hawk,* prior to being formally charged after his arrest, Boseck was apparently free without having

---

[2]The Sixth Amendment provides in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, . . ." Article 1, section 22 (amendment 10) of the Washington Constitution provides in part: "In criminal prosecutions the accused shall have the right . . . to have a speedy public trial . . ."

posted a bond. Thus under *Loud Hawk,* the Sixth Amendment's speedy trial clause does not apply to his claim of unjustified delay and a determination need not be made as to whether his speedy trial right was violated under the 4–part balancing test set forth in *Barker v. Wingo,* 407 U.S. 514, 530, 33 L. Ed. 2d 101, 92 S. Ct. 2182, 2192 (1972).[3] *Loud Hawk,* 106 S. Ct. at 654 n.13.

■ Where the Sixth Amendment's speedy trial clause does not apply, the defendant's protection against overly stale criminal charges and oppressive delay is provided primarily by the applicable statute of limitations, with the due process clause playing a limited role. *United States v. Lovasco,* 431 U.S. 783, 52 L. Ed. 2d 752, 97 S. Ct. 2044, 2048, *reh'g denied,* 434 U.S. 881 (1977). Proof of prejudice is generally a necessary but not sufficient element of a due process claim. The due process inquiry must consider the reasons for the delay as well as the prejudice to the accused. *Lovasco,* 97 S. Ct. at 2048–49; *State v. Calderon,* 102 Wn.2d 348, 352, 684 P.2d 1293 (1984).

Under the federal cases actual prejudice must be shown. *United States v. Lovasco,* 97 S. Ct. at 2048; *United States v. Moran,* 759 F.2d 777, 780 (9th Cir. 1985), *cert. denied,* 106 S. Ct. 885 (1986). However, noting that juvenile court jurisdiction offers numerous benefits, including the avoidance of an adult criminal conviction's stigma and less harsh penalties, our State Supreme Court has stated that when a delay in filing charges prevents the juvenile court from deciding whether it will decline juvenile jurisdiction under RCW 13.40.110, it will be assumed that the offender has carried his burden of showing the minimal prerequisite of prejudice. *State v. Calderon, supra* at 352–53.

Once prejudice is established, the court must consider the State's reasons for the delay before determining

---

[3]It is uncertain whether the same result would obtain under the state constitution. Because of the recency of this United States Supreme Court decision, our State Supreme Court has not yet adopted the holding in *United States v. Loud Hawk,* ___ U.S. ___, 88 L. Ed. 2d 640, 106 S. Ct. 648, *reh'g denied,* 106 S. Ct. 1289 (1986).

whether a due process violation has occurred. If the State is able to justify the delay, the court must then balance the State's interest against the prejudice to the accused. *Calderon,* at 353. The test of a due process violation is "whether the action complained of . . . violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions". *State v. Calderon, supra* (quoting *United States v. Lovasco,* at 790).

Here the State's failure to file charges against Boseck before he turned 18 about 2½ months after his arrest precluded the juvenile court from making the jurisdictional decision. Thus under *State v. Calderon, supra,* a showing of prejudice is assumed. The State's proffered reason for the delay is that it was necessary to proceed sequentially against the four defendants involved with the stolen silver coins in order to obtain the testimony of the only witness who could implicate Boseck in the crime. This proffered justification appears to be sufficient to foreclose a claim that the precharging delay was a deliberate attempt to circumvent the juvenile justice system which violated due process. *See United States v. Fairchild,* 526 F.2d 185, 187 (7th Cir. 1975) (applying the 4–part *Barker v. Wingo* test), *cert. denied,* 425 U.S. 942 (1976); *State v. Calderon, supra.* Nevertheless, negligently failing to bring charges promptly may establish a due process violation. *State v. Calderon, supra.*

Boseck argues that in the balance, the prejudice to him outweighed the State's interest in obtaining the incriminating witness's testimony since the State could have filed the charge against him before he turned 18 since it had his written confession. The State responds that the need to obtain the testimony of the only witness who could implicate Boseck in the crime provided sufficient justification for the charging delay since the State's case would have been lost if Boseck's confession had been held inadmissible. After he was charged with the crime, Boseck did in fact seek to challenge the confession's admissibility at a requested CrR 3.5 hearing.

■ The United States Supreme Court has rejected the argument that once the State has probable cause to believe that a suspect is guilty or even sufficient evidence to prove guilt beyond a reasonable doubt, the constitution requires immediate prosecution even if the criminal investigation is not complete. *United States v. Lovasco*, 97 S. Ct. at 2049–50. Broad prosecutorial discretion in matters of charging is recognized as the policy reason for not formulating strict rules as to the proper time to bring a charge. *State v. Calderon, supra* (citing *United States v. Lovasco*, 97 S. Ct. at 2044).

The *Lovasco* Court gave these reasons for not requiring an immediate indictment once sufficient evidence is developed to obtain a conviction: (1) Where more than one person or illegal act is involved in a criminal transaction, requiring an immediate indictment against a participant would impair the prosecutor's ability to continue his investigation, thwarting society's interest in bringing lawbreakers to justice; (2) the prosecutor would be pressured into early and possibly unwarranted prosecutions in doubtful cases since the determination of when sufficient evidence is available to obtain a conviction is seldom clear cut; and (3) since the decision to charge a defendant with an offense requires consideration of other factors in addition to the strength of the prosecution's case, requiring an immediate indictment would preclude the prosecution from giving full consideration to the desirability of not prosecuting in a particular case. *Lovasco*, 97 S. Ct. at 2050–51.

In *Lovasco* within the first month of the investigation the defendant allegedly had admitted possessing and selling stolen firearms. However, the Court found no due process violation where the government's proffered justification for the preindictment delay was its continued investigation to attempt to identify other participants in the crime. *Lovasco*, 97 S. Ct. at 2046, 2052. Similarly, in *State v. Calderon, supra* at 354, no due process violation was found where the State showed a justified investigatory precharging delay stemming from the backlog at the identification

lab to which a copy of the defendant's fingerprints was sent so that the prints were not verified until after the defendant had become 18 years old.

Here Boseck's written statement to the police soon after his arrest left little doubt as to whether he had committed the offense. While the prosecutor arguably had sufficient evidence to obtain a conviction, the State's reason for the charging delay was to obtain Glaze's testimony after his conviction in the event that Boseck successfully repudiated his confession. The instant case arguably is distinguishable from *United States v. Lovasco,* 97 S. Ct. at 2052, and *State v. Calderon, supra* at 354, in that unlike in those cases, here the State does not assert that before Boseck turned 18 additional investigation was necessary either to ascertain Boseck's guilt, as in *Calderon,* or to identify other participants in the offense, as in *Lovasco.*

However, as the United States Supreme Court has noted, the determination of when evidence is sufficient to obtain a conviction is seldom clear cut and reasonable persons often will reach conflicting conclusions. If immediate prosecution is required once sufficient evidence is developed to obtain a conviction, to avoid the risk of the dismissal of a charge because of a preindictment delay the prosecutor might feel constrained to file premature charges even with a weak case against a defendant, with all the attendant disadvantages since the time during which the defendant would stand accused but untried would be enlarged.[4] *United States v. Lovasco,* 97 S. Ct. at 2050.

Here the prosecutor in his discretion decided not to charge Boseck until after Glaze's conviction based upon his determination that Glaze's testimony was necessary to

---

[4]The United States Supreme Court has noted that the costs to the defendant during the time that he stands accused but untried are not insubstantial:

a formal accusation may "interfere with the defendant's liberty, . . . disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends."

(Citation omitted.) *United States v. Lovasco,* 431 U.S. 783, 52 L. Ed. 2d 752, 97 S. Ct. 2044, 2049, *reh'g denied,* 434 U.S. 881 (1977).

ensure Boseck's conviction. While reasonable minds may differ as to whether Glaze's testimony was so necessary, it cannot be said that the prosecutor abused his discretion such that the precharging delay, which resulted in the loss of juvenile court jurisdiction, violated "fundamental conceptions of justice." Moreover, Boseck was charged on November 28, 1984, after Glaze was sentenced on November 14, 1984, and Boseck has not alleged or shown any additional prejudice such as the loss of a witness stemming from the 6–month period after Glaze pleaded guilty and before the filing of the charge against Boseck which would support a finding of a due process violation.

The trial court's order is reversed and the cause remanded for trial.

COLEMAN and WEBSTER, JJ., concur.