[No. 15826–1–I.   Division One.   December 24, 1986.]

THE STATE OF WASHINGTON, *Appellant,* v. ERIC TODD ANDERSON, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Victoria M. Seitz, Deputy,* for appellant.

*Anne E. Roberts* of *Washington Appellate Defender Association,* for respondent.

COLEMAN, J.—The State of Washington appeals from an order of the trial court dismissing burglary charges against Eric Todd Anderson. We reverse and remand for trial.

The undisputed facts, as found by the trial court on January 18, 1985, are as follows:

1. On May 10, 1984, the defendant Eric Todd Anderson was stopped by Bellevue police officers as a possible burglary suspect.

2. The Bellevue police investigated the burglary at 100 Cedar Crest Lane, [B]ellevue, King County, Washington. The completed report of the investigating officer was approved May 11, 1984 by his supervisor. Bellevue police Detective Littlejohn reviewed the investigation on May 20, 1984. The case was mailed to the prosecutor's office on May 21, 1984.

3. The case was received by the King County Prosecutor's Office, Juvenile Division on May 24, 1984. It was processed according to normal office procedures, being

routed first to the police liaison unit; then to a legal assistant for computer entry and preparation of a screening sheet.

4. The case was routed to a filing deputy, Dean Lum, on June 1, 1984, five business days after it was received by the Prosecutor's Office, May 28, being a holiday.

5. The case was received for filing and screened legally sufficient by Dean Lum on June 11, 1984, six business days after it was received and routed for typing.

6. Defendant's birthdate is June 13, 1966. He turned eighteen on June 13, 1984.

7. Arraignment is the first court appearance in juvenile court.

8. The King County Prosecutor's Office normally sets arraignment two weeks after an information is filed on an out of custody defendant to provide proper notice to defendant and allow retention of counsel. Defendant was out of custody at all relevant times.

9. The King County Prosecutor's Juvenile Office determined there was insufficient time to complete the filing of an information and arraign the defendant before he turned eighteen and referred the case to the adult division of the prosecutor's office.

10. Twelve business days lapsed from the time the Bellevue Police Department reports were received by the Prosecutor's office to the time they were screened legally sufficient for filing. There were fifteen business days or 360 hours from the time the reports were received until defendant's eighteenth birthday.

11. The King County Prosecutor's Juvenile Office does have the ability to expedite the normal filing procedure. According to Gail Harrison, the office administrator, the office files approximately 16 rush filings per week to comply with JuCR 7.3(a) which requires the release from custody of any juveniles alleged to have committed an offense if an information is not filed within 72 hours after the juvenile is taken into custody.

From the foregoing findings of fact, the trial court entered the following conclusions of law:

1. The court has jurisdiction over the parties and the subject matter herein.

2. Defendant was prejudiced by the loss of juvenile court jurisdiction over his case.

3. The King County Prosecutor's office did not deliberately delay filing nor were they reckless. The prosecutor's office has broad discretion in setting filing standards and procedures and defendant's case was processed within the normal internal time limits set by the prosecutor's office.

4. The prosecutor's office was negligent in failing to consider the individual needs of defendants approaching their eighteenth birthdays. The prosecutor's office was negligent in not expediting the filing and arraignment of defendant's case in light of the impending eighteenth birthday. It is in the interest of justice and the interest of the community for the prosecutor's office to expedite filing and arraignment procedures when an individual is nearing eighteen.

5. Defendant's rights to due process were violated by the negligent delay in filing and defendant's motion to dismiss the information should be granted.

On December 13, 1984, the court granted Anderson's motion to dismiss on the ground that the State violated Anderson's right to due process by the negligent delay in filing charges against Anderson that caused Anderson loss of juvenile court jurisdiction. This appeal followed.

The sole issue is whether the trial court erred in ruling that the preaccusatorial delay that resulted in a loss of juvenile court jurisdiction violated Anderson's right to due process.

■ To establish that preaccusatorial delay violated a defendant's right to due process, the defendant must show that the delay caused prejudice. In *State v. Calderon,* 102 Wn.2d 348, 684 P.2d 1293 (1984), our Supreme Court held that a delay in bringing charges that results in the loss of juvenile court jurisdiction is prima facie evidence of the required prejudice for a violation of due process. *Calderon,* at 353. Due process analysis, however, does not stop with the showing of prejudice. The court must consider the reasons for the State's delay and determine if the delay is

justified. If the delay is justified, the court must balance the prejudice to the defendant against the State's interest and determine if the action complained of violates fundamental conceptions of justice.

> Simply establishing prejudice is not enough, however. To find a due process violation, the court must also consider the State's reasons for the delay. [*United States v.*] *Lovasco*[, 431 U.S. 783, 52 L. Ed. 2d 752, 97 S. Ct. 2044 (1977)]. If the State is able to justify the delay, the court must undertake a further balancing of the State's interest and the prejudice to the accused. *See United States v. Saunders,* 641 F.2d 659 (9th Cir. 1980). Ultimately, the test suggested by the United States Supreme Court is "whether the action complained of . . . violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions". *Lovasco,* at 790.

*Calderon,* at 353.

Anderson has established prejudice. It is an undisputed fact that juvenile court jurisdiction was lost due to the delay of the prosecutor in filing the charges against Anderson. Therefore, this court must determine whether the trial court erred in holding that the prosecutor was unable to justify the delay and that the State's interest did not outweigh the prejudice to the defendant.

■ The trial court concluded that the prosecutor's office was negligent in not expediting the filing and arraignment of Anderson's case in light of his impending 18th birthday. The prosecutor received the referral 15 days prior to Anderson's 18th birthday and processed it using normal filing procedures. The *Calderon* court refused to require special treatment for juvenile suspects and stated that juvenile cases may be managed in the same manner as adult cases.

> Absent extraordinary circumstances, it is appropriate that juvenile offenses be managed in the same manner as are adult crimes. We are reluctant to interfere with standard investigatory procedures by requiring special treatment for juvenile suspects.

*Calderon,* at 354. It is undisputed that the prosecutor treated Anderson's case like all other referrals. Thus, the trial court erred by concluding that the State was negligent in failing to adopt special procedures for processing Anderson's case.

Applying the *Calderon* analysis to the facts of this case, we hold that the prosecutor was justified in not establishing special procedures to expedite Anderson's referral. Anderson's referral was received in the prosecutor's office on May 24 and screened on June 11. The defendant's 18th birthday was on June 13. During that time, the referral was processed routinely within the prosecutor's office. It would have been impossible for the prosecutor's office to process the police reports, screen them for legal sufficiency, have an information typed and filed, and set an arraignment with proper notice in the 15 business days between receipt of the police reports and defendant's 18th birthday. Since there is no constitutional right at stake here[1] and *Calderon* approved the management of juvenile cases "in the same manner" as adult cases, the prosecutor was justified in not expediting Anderson's referral. *Calderon,* at 354. In balancing the interests of the defendant and the State, we find the resulting prejudice to the defendant is not as burdensome[2] as a requirement of the prosecutor to conduct a special screening. Finally, the actions complained of do not violate fundamental conceptions of justice; therefore, the defendant's right to due process was not violated.

---

[1] A juvenile defendant does not have a constitutional right to be tried as a juvenile. *State v. Sharon,* 33 Wn. App. 491, 494, 655 P.2d 1193 (1982), *aff'd,* 100 Wn.2d 230, 668 P.2d 584 (1983).

[2] The trial court found that the prosecutor's office expedites approximately 16 referrals per week to comply with the in–custody, 72–hour release requirement of JuCR 7.3(a). The record indicates that the prosecutor's office receives approximately 15,000 referrals per year. Expediting referrals with impending 18th birthdays would require a screening of all 15,000 referrals without regard to custody status.

The judgment of the trial court is reversed.

SCHOLFIELD, C.J., and SWANSON, J., concur.

Review denied by Supreme Court March 31, 1987.