[No. 15873-2-I.   Division One.   December 29, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN C. MAIN, *Appellant,*

*John R. Christiansen* of *Washington Appellate Defender Association,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *Martha Gross* and *David Cottingham, Deputies,* for respondent.

SCHOLFIELD, C.J.—Steven Main appeals his second

degree burglary conviction, arguing that the charge should have been dismissed because the State failed to justify delaying until after he turned age 18 to serve an arrest warrant. We affirm.

## FACTS

Main was implicated by another juvenile in a burglary that took place on February 25, 1982. A warrant for his arrest was issued by the juvenile court on April 1 and sent to the sheriff's office with the notation, "Juvenile is an escapee from the Patrick Group Home in Oak Harbor, Washington, and his whereabouts are unknown." No attempt was made to serve the warrant.

Main turned 18 on September 23, 1982. The following November, the juvenile charge was dismissed and an adult charge was filed in superior court. Main was arrested in the summer of 1984, after calling the police to report a crime in which he was the victim. He moved to dismiss the burglary charge, or in the alternative have the case remanded to juvenile court, based upon the prejudice to him caused by the State's delay in serving the arrest warrant.

At the hearing on the motion, Main's probation officer, Chuck Kale, testified that, at the time the juvenile warrant was issued, the authorities had no idea where Main could be found. Kale stated that, although he was in touch with Main's family, they were never able to provide him with Main's address. Kale told the court that different young people with whom he had contact "would indicate that Steve had been in the county", but that prior to Main's arrest in 1984, Kale had no information about where he could be served.

The trial court ruled that Main's right to a speedy trial had not been violated by the delay in serving the warrant. He was tried in superior court on stipulated facts, convicted of second degree burglary, and sentenced.

## PREACCUSATORIAL DELAY

Main contends that the State's delay was not justified because there was no attempt to serve the arrest warrant

during the 6 months prior to his 18th birthday, despite the fact that the State had information that he was still in the county. We disagree.

■ Preaccusatorial delay in bringing charges may be violative of a defendant's due process rights if the defendant can show that he was prejudiced thereby. *State v. Calderon,* 102 Wn.2d 348, 352, 684 P.2d 1293 (1984). Delay in charging until after the defendant becomes an adult prevents the juvenile court from making a decision whether or not to decline jurisdiction and prejudice may be assumed. *Calderon,* at 352–53. However, the reasons for the delay must also be considered, and if the State is able to justify its delay, the court must then balance the prejudice to the accused against the State's interest. *Calderon,* at 353.

In the instant case, the State maintains that the delay was justified because Main was unavailable, and consequently, not amenable to process. Unavailability can be shown only if the prosecution demonstrates *good faith and diligent efforts to* obtain the availability of the defendant. *State v. Wirth,* 39 Wn. App. 550, 553, 694 P.2d 1113, *review denied,* 103 Wn.2d 1027 (1985). A case–by–case evaluation is necessary. *Wirth,* at 554. Factors to be considered include the accused's awareness of the pending charges, his fault in causing the delay, including "connivance," and the amount and nature of the information known to the authorities. *Wirth,* at 554.

The defendant in *Wirth* was sought for a 26–month period, during which she lived openly in the county for all but a few months. She was not aware that she had been charged or was being sought by the police. She kept her car registration and license reasonably current, incurred unpaid parking tickets, through which she had been traced by bill collectors, and left forwarding information with the postal service whenever she changed residences. Her name and picture appeared in a feature story in the local newspaper.

Wirth had a roommate known to the police, and had a sister living in the county at the same address continuously during the relevant time period, who was the only "Wirth"

listed in the telephone directory. During the entire 26–month period, service of process was attempted only twice at two different addresses, and each time the deputy was told the defendant no longer lived there. No further inquiry or investigation was made.

The court held that this minimal effort did not suffice to constitute good faith and diligent efforts to obtain the suspect. *Wirth,* at 553. The court stated that law enforcement agencies have a duty to employ their investigative resources, and where they have information which would lead readily to the person sought through standard follow–up inquiries, those leads must be pursued. *Wirth,* at 553–54. The court affirmed the trial court's dismissal of the charges. *Wirth,* at 555.

Unlike the defendant in *Wirth,* Main presumably knew that a warrant for his arrest had been issued. He was, moreover, at fault for the State's delay in serving the warrant, by virtue of his escape from the group home, which left the authorities without an address where he could be served.

What's more, Main's escapee status suggests that he did not live as openly in the community as he would like us to believe. In fact, the authorities had little or no information concerning his whereabouts. Although Main's probation officer was in touch with his family, they were either unable, or unwilling, to provide Kale with an address where Main could be found. It is not entirely clear from Kale's testimony what information he had or when he had received information regarding Main's presence in the county, but Kale did state unequivocally he had no information that would have led the authorities to Main prior to his arrest in 1984.

We note that a finding of good faith and diligent effort was made in *State v. Perry,* 25 Wn. App. 621, 612 P.2d 4 (1980), on facts much less favorable to the State than are the facts in the case sub judice.

We are satisfied in the instant case that the State made a diligent, good faith effort, and conclude that the preaccusa-

360

torial delay was justified because of Main's unavailability for service of process. The trial court is affirmed.

SWANSON and COLEMAN, JJ., concur.