[No. 53545-1. En Banc. December 10, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH CARL ALVIN, *Petitioner.*

*Neil M. Fox* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney, Deborah J. Phillips, Senior Appellate Attorney,* and *Jeanette M. Dalton, Deputy,* for respondent.

DOLLIVER, J.—The facts of this case are undisputed. On May 27, 1984, defendant Kenneth Alvin assisted another individual in dismantling commercial laundry machines at an apartment building to steal the money they contained. The following day, Alvin gave a statement in which he implicated himself and his companion. In the statement, Alvin declared his age as 17 and date of birth as July 12, 1966.

Detective Rob Sofie, who obtained Alvin's statement, was assigned to the case on May 28, 1984. By June 4, 1984, Detective Sofie had received a written estimate of monetary loss for the damage to the laundry machines. From June 4, 1984, until July 31, 1984, Detective Sofie spent 12 work days in special training and 7 days on vacation and compensation time. Upon his return July 31, 1984, Detective Sofie ordered a criminal history printout on Alvin before making a final report August 17, 1984.

On October 29, 1984, the State charged Alvin with one count of malicious mischief in the second degree. A hearing was held January 16, 1985, on the defendant's motion to dismiss for denial of due process of law because of preaccusatorial delay. The court denied the motion and a bench trial was held January 22, 1985. Alvin was found guilty as charged with imposition of sentencing deferred for 3 years. The Court of Appeals upheld his conviction in an unpublished opinion. *State v. Alvin,* noted at 46 Wn. App. 1026 (1986). We affirm.

Alvin claims he was denied due process because of preaccusatorial delay. Relying on *State v. Calderon,* 102 Wn.2d 348, 684 P.2d 1293 (1984), Alvin argues the State negligently failed to refer his case to prosecutors in a prompt

manner thereby depriving him of the benefits of juvenile court jurisdiction.

In *Calderon,* a 17–year–old committed an offense which was discovered 5 months before his 18th birthday, yet charges were not filed until after his birthday. The question before the court was whether the defendant had a right to be tried as a juvenile rather than as an adult. The court answered "no". *State v. Calderon, supra* at 349. Calderon also argued that the delay in charging was either deliberate or negligent and resulted in unconstitutionally denying him the benefits of adjudication in the juvenile justice system. In response, the *Calderon* court established a 3–prong test for determining when preaccusatorial delay violates due process. (1) The defendant must show he was prejudiced by the delay; (2) the court must consider the reasons for the delay; and (3) if the State is able to justify the delay, the court must undertake a further balancing of the State's interest and the prejudice to the accused. *State v. Calderon, supra* at 352–53.

Juvenile court jurisdiction offers numerous benefits, including the avoidance of the stigma of an adult criminal conviction and less harsh penalties. When a delay in bringing charges prevents the juvenile court from making the jurisdictional decision, offenders have carried their burden of showing the minimal prerequisite of prejudice. *State v. Calderon, supra* at 352–53; *State v. Main,* 46 Wn. App. 356, 730 P.2d 1367 (1986); *State v. Boseck,* 45 Wn. App. 62, 723 P.2d 1182 (1986). The preaccusatorial delay in this case resulted in the loss of juvenile court jurisdiction. Alvin satisfies the first prong of the test.

Since the delay for Alvin is prima facie evidence of prejudice, we must consider the State's reasons for delaying prosecution before determining whether a due process violation has occurred. A deliberate delay to circumvent the juvenile justice system violates due process; a negligent delay may also. *State v. Calderon, supra* at 353; *State v. Boseck, supra. See State v. Lidge,* 49 Wn. App. 311, 742 P.2d 741 (1987) (prosecutor's decision to delay filing not

justified).

Within the first 8 days of receiving the case, Detective Sofie had a confession from Alvin and a report valuating the damage to the laundry machines. The only investigatory function remaining was a computer check for any prior criminal activity. The computer check was not requested until Detective Sofie returned to duty on July 31, 1984. The check came back the following day, indicating no prior criminal record. Detective Sofie submitted the final report to his superior on August 17, 1984.

Alvin contends the delay by the State was negligent because Detective Sofie should have either worked more diligently to complete his case or reassigned it before leaving for training and vacation. No evidence was presented at trial to indicate the Renton Police Department deviated from their normal practices in handling Alvin's case or the other 76 cases being investigated by Detective Sofie when he left for training. To demand the police and the prosecutors keep track of every juvenile offender's birth date is to require special treatment for them. Special procedures for juvenile suspects are not required in Washington.

> Absent extraordinary circumstances, it is appropriate that juvenile offenses be managed in the same manner as are adult crimes. We are reluctant to interfere with standard investigatory procedures by requiring special treatment for juvenile suspects.

*State v. Calderon, supra* at 354. Without evidence to the contrary, the reason for the delay was justified and reasonable.

The final prong requires weighing the State's reasons for delay against the prejudice to Alvin in losing juvenile court jurisdiction. The ultimate test is "'whether the action complained of . . . violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions'." *State v. Calderon, supra* at 353 (quoting *United States v. Lovasco*, 431 U.S. 783, 790, 52 L. Ed. 2d 752, 97 S. Ct. 2044 (1977)).

Unlike *Calderon*, Alvin had no prior criminal record.

Arguably the juvenile court would not have declined juris-diction had it received his case. However, sick leave, com-pensation time, vacations, and training courses are normal routine in every police department and prosecutor's office—especially during the summer months. These personal and administrative affairs are as much a part of the judicial process as investigatory activities. No suspect has a consti-tutional right to expect the judicial process to anticipate routine delays, common in the administrative and investi-gatory process, which may uniquely affect that individual's case.

As fortunate as Detective Sofie was in quickly obtaining a confession and a property valuation, the investigation was not complete until August 1, 1984, when he received the criminal history check. The police referred the case to the prosecutor on August 17, 1984, and the prosecutor's office filed the case October 29, 1984, 10 weeks after receiving the case. Even if, for the sake of argument, we assume the investigation was substantially completed by June 4, 1984, King County Local Juvenile Court Rule 7.14 would have allowed Detective Sofie until June 18, 1984, to refer the case for prosecution. The prosecutor's office would have had to give preference to Alvin in order to have filed the infor-mation prior to his 18th birthday.

The investigative and administrative delays in the pro-cessing of a case are fundamentally unlike delay under-taken by the [State] solely "'to gain tactical advantage over the accused . . .'" *United States v. Lovasco, supra* at 795 (quoting *United States v. Marion,* 404 U.S. 307, 324, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971)). The delays in this case outweigh any prejudice to the defendant because the State has a stronger interest in maintaining an orderly adminis-tration of judicial process than in disrupting that process to give special advantage in the system to any particular sus-pect.

The actions of the Renton Police Department and the King County Prosecutor's Office did not violate fundamen-tal fairness or justice to Alvin. Although both the trial court

and the Court of Appeals did not analyze the third prong of the test in *Calderon,* they correctly concluded the State had legitimate reasons for delaying Alvin's prosecution and due process was not violated.

Affirmed.

PEARSON, C.J., UTTER, BRACHTENBACH, ANDERSEN, CALLOW, and DURHAM, JJ., and CUNNINGHAM and HAMILTON, JJ. Pro Tem., concur.