[No. 19709–6–I.   Division One.   May 4, 1988.]

THE STATE OF WASHINGTON, *Appellant,* v. BRADLEY JOSEPH SCHIFFERL, ET AL, *Defendants,* ROBBY W. MEISER, *Respondent.*

---

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for appellant.

*James A. Feldman* and *Feldman & Eeckhoudt,* for respondent.

GROSSE, J.—The State appeals the trial court's order dismissing a charge of unlawful imprisonment against Meiser. At the time of his arrest Meiser was a juvenile. However, through admitted negligence in the processing of his case the State failed to charge him in juvenile court. The basis for the trial court's dismissal of the adult charges subsequently filed against him was that the negligent failure to file in juvenile court deprived Meiser of due process.

The chronology of significant events is as follows:

| | |
|---|---|
| February 25–26 | Investigation of crime for which defendant is charged. |
| February 26 | Report filed with Lynnwood Police Department. |
| February 26– March 11 | Reports reviewed by supervising sergeant. |
| March 11 | Reports sent to juvenile court by supervising sergeant. |
| March 13 | Report received at juvenile court without a "referral form". Juvenile court records sends reports back to Lynnwood Police Department for a "referral form". |
| March 26 | Referral form filled out by investigating officer. |
| April 1 | Referral form received at juvenile court records without a report. |
| April 21 | Report from Lynnwood Police Department received a second time. |

| April 22 | File made. |
| April 24 | Case reviewed by deputy prosecuting attorney and decision made to refer to adult court because defendant's birthday was on 4/27. |
| April 28 | Case referred to adult court because defendant had turned 18 on 4/27. |
| May 13 | Information filed against defendant. |
| June 25 | Defendant arraigned; trial date set. |
| November 7 | Defendant moved to dismiss because of prejudicial preaccusatorial delay. |
| November 21 | Trial court granted defendant's motion. |

The issue on appeal is whether the State's admitted negligence constitutes a due process violation warranting dismissal of the charge against Meiser? The State admits that there was negligence in the processing of Meiser's police report and in file preparation in the juvenile court. The State argues, however, that the negligence should not be a basis for a due process violation because in this case it thwarts fundamental concepts of justice.

Preaccusatorial delay may result in a due process violation.[1] *United States v. Lovasco,* 431 U.S. 783, 52 L. Ed. 2d 752, 97 S. Ct. 2044 (1977); *State v. Calderon,* 102 Wn.2d 348, 684 P.2d 1293 (1984).

> To establish that preaccusatorial delay violated a defendant's right to due process, the defendant must show that the delay caused prejudice. . . . [A] delay in bringing charges that results in the loss of juvenile court jurisdiction is prima facie evidence of the required prejudice for a violation of due process. Due process analysis,

---

[1]The federal standard to determine whether a due process violation has resulted from a preindictment delay is: (1) "actual prejudice" to the defendant; and (2) the reasons for the delay must outweigh the prejudice to the accused. *United States v. Lovasco,* 431 U.S. 783, 52 L. Ed. 2d 752, 97 S. Ct. 2044 (1977); *United States v. Moran,* 759 F.2d 777 (9th Cir. 1985), *cert. denied,* 474 U.S. 1102 (1986). In *Moran,* the Ninth Circuit expressly acknowledged that negligent government conduct may constitute a constitutional violation. However, there must be some showing of governmental culpability to prove a deprivation of due process.

however, does not stop with the showing of prejudice. The court must consider the reasons for the State's delay and determine if the delay is justified. (Citations omitted.) *State v. Robbers,* 46 Wn. App. 558, 562, 731 P.2d 522 (1986), *review denied,* 108 Wn.2d 1005 (1987); *State v. Lidge,* 49 Wn. App. 311, 742 P.2d 741 (1987), *review granted,* 109 Wn.2d 1021 (1988); *State v. Alvin,* 109 Wn.2d 602, 746 P.2d 807 (1987). While negligently failing to bring charges may establish a constitutional violation, *State v. Calderon, supra; State v. Boseck,* 45 Wn. App. 62, 723 P.2d 1182 (1986), no case in Washington has directly addressed the circumstances in which negligence will constitute such a violation.[2]

Here the trial court found that there was negligence; that negligence was, in and of itself, unreasonable, and dismissed the charges against Meiser. At the motion for reconsideration the court stated that there was no showing of ill motive, *i.e.,* no showing that the prosecutor or the police deliberately delayed to deny Meiser the right to be tried in juvenile court. Nonetheless, due to its analysis of the case law, the court found that the negligence sufficed to justify dismissal of the charges.

We believe the trial judge erred in his conclusion that the negligence shown in this case was sufficient as a

---

[2]The more recent cases have said that the State's delay must not be intentional or negligent; however, they did not address the negligence issue because in each the delay was found justified. For example, *State v. Boseck,* 45 Wn. App. 62, 723 P.2d 1182 (1986) (no due process violation where the prosecutor decided not to charge defendant until after codefendant was convicted in order to insure codefendant's testimony); *State v. Calderon,* 102 Wn.2d 348, 684 P.2d 1293 (1984) (the delay was justified because lab results were not available due to a backlog at the state crime lab); *State v. Robbers,* 46 Wn. App. 558, 731 P.2d 522 (1986) (delay justified because a large scale undercover drug buying operation investigation was ongoing), *review denied,* 108 Wn.2d 1005 (1987); *State v. Alvin,* 109 Wn.2d 602, 746 P.2d 807 (1987) (delay justified because it resulted from the exercise of routine administrative practices and procedures including vacation time, compensation time, and training time). *But see State v. Lidge,* 49 Wn. App. 311, 742 P.2d 741 (1987) (delay unjustified when it resulted from a deputy prosecutor's determination that the evidence was insufficient to support probable cause and more information was needed and where the later affidavit of probable cause did not contain any new information), *review granted,* 109 Wn.2d 1021 (1988).

matter of law to justify dismissal. The error lies in his failure to complete the analysis required by the applicable Washington case law. However, the error is understandable because at the time this cause was heard the trial court did not have the benefit of the decision in *State v. Alvin, supra.* While *Alvin* also recognizes that a negligent delay in prosecuting a juvenile may constitute a due process violation, the court goes on to reemphasize that the mere fact of delay is not sufficient. In other words, the loss of juvenile jurisdiction is the minimal prejudice necessary to require the State to produce reasons for the delay, but it is not sufficient to require dismissal in and of itself.[3] After the defendant has made the requisite showing of prejudice, the trial court must analyze whether the prejudice warrants dismissal of the prosecution. In its analysis, the court must consider the reasons for the delay and the degree of prejudice to the defendant. That is, the State's reasons for the delay must be balanced against the resulting prejudice to the defendant.

The final prong requires weighing the State's reasons for delay against the prejudice to Alvin in losing juvenile court jurisdiction. The ultimate test is "'whether the action complained of . . . violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions'." *State v. Calderon, supra* at 353 (quoting *United States v. Lovasco,* 431 U.S. 783, 790, 52 L. Ed. 2d 752, 97 S. Ct. 2044 (1977)).

Unlike *Calderon,* Alvin had no prior criminal record. Arguably the juvenile court would not have declined jurisdiction had it received his case. However, sick leave, compensation time, vacations, and training courses are normal routine in every police department and prosecutor's office . . . These personal and administrative affairs are as much a part of the judicial process as investigatory activities. No suspect has a constitutional right to expect

---

[3]As noted in *United States v. Mays,* 549 F.2d 670, 676 (9th Cir. 1977), the shortest and most necessary delay may cause actual prejudice to the defendant. However, "no one suggests that every delay–caused detriment to a defendant's case should abort a criminal prosecution" (quoting *United States v. Marion,* 404 U.S. 307, 324–25, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971)).

the judicial process to anticipate routine delays, common in the administrative and investigatory process, which may uniquely affect that individual's case.

. . .

The investigative and administrative delays in the processing of a case are fundamentally unlike delay undertaken by the [State] solely "'to gain tactical advantage over the accused . . .'" *United States v. Lovasco, supra* at 795 (quoting *United States v. Marion,* 404 U.S. 307, 324, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971)).

*Alvin,* at 605–06. Negligent government conduct will be considered in the balancing. If the State's reason is not justified, *i.e.,* it is negligent, then the negligent conduct will weigh against the State in the balancing test. The balancing test should also include review of whether or not the defendant is the type of offender that would have been tried in juvenile court.

While the facts of our case are distinguishable from those in *Alvin* wherein routine procedures were properly followed but a delay resulted, the admitted negligence here was in not following the routine procedures. As a result, the time frame for charging was delayed just enough so that juvenile court jurisdiction was lost. On the face of the record the "negligence" here was more inadvertent than culpable and appears to us to be less culpable than the "routine" delays of *Alvin.* As noted in several of the federal cases, there are degrees of negligence, degrees of culpability, as well as degrees of prejudice, and only if the balance weighs so that the result offends fundamental conceptions of justice is dismissal justified. Prejudice must be more than simply the loss of jurisdiction. For dismissal of the prosecution against the defendant, if mere negligent conduct is asserted, the delay or prejudice suffered by the defendant will have to be greater than where intentional or deliberate government conduct is alleged. *United States v. Moran,* 759 F.2d 777 (9th Cir. 1985), *cert. denied,* 474 U.S. 1102 (1986). We believe that the negligence that appears here is not sufficient as a matter of law to vitiate the State's interests in

the administration of justice and that those interests outweigh the prejudice to Meiser. Since Meiser's right to be tried as a juvenile does not rise to constitutional level, *cf. State v. Sharon,* 33 Wn. App. 491, 655 P.2d 1193 (1982), *aff'd,* 100 Wn.2d 230, 668 P.2d 584 (1983), the process that is due him is less than if it did. Certainly, he has a legitimate expectation that the State will not subvert the process for tactical advantage and a legitimate expectation that the State will not ignore his interests through negligent processing under circumstances where harm to those interests can be foreseen. However, he does not have a right to expect perfection in the process. Mere inadvertence will not suffice.

The trial court's dismissal of the adult charges is reversed.

COLEMAN, A.C.J., and SWANSON, J., concur.