[No. 19054–7–I.  Division One.  November 23, 1987.]

THE STATE OF WASHINGTON, *Appellant,* v. MICHAEL ALAN CANTRELL, *Respondent.*

---

*Norm Maleng, Prosecuting Attorney,* and *Jonathan Love, Deputy,* for appellant.

*Scott J. Engelhard* of *Washington Appellate Defender Association,* for respondent.

WILLIAMS, J.—Michael Cantrell, a juvenile, was charged with second degree escape. The trial court granted his motion to dismiss the charge in the interest of justice because the prosecutor's office filed the information 7 weeks after receipt of the police report. The State appeals; we reverse.

The facts are that on March 8, 1986, Cantrell was given a daily pass permitting him to leave the King County Youth Services detention facility. He did not return until March 11. The police investigation of the incident was completed the same day and a report was sent to the juvenile division of the prosecutor's office, which received it on March 14. On April 29, a copy of the order which had placed Cantrell in detention was certified by the court clerk's office and sent to the prosecutor's office. On May 7, the information was filed, and later dismissed in the interest of justice because of the lapse of time between the prosecutor's receipt of the report on March 14 and the filing of the information on May 7.

The sole question on appeal is whether the trial court

abused its discretion by dismissing the case under these circumstances. The trial court's decision was based largely on the goal of the juvenile justice system to promptly adjudicate criminal allegations. This goal is reflected in the shorter speedy trial rule for juveniles, *compare* JuCR 7.8(b) (30 or 60 days) *with* CrR 3.3(c) (60 or 90 days), the shorter period between conviction and sentencing for juveniles, *compare* JuCR 7.12(a) (14 days) *with* RCW 9.94A.110 (40 days), and King County Local Juvenile Court Rule 7.14(b), which provides:

> To Dismiss for Delay in Referral of Offense. The court may dismiss an information if it is established that there has been an unreasonable delay in referral of the offense by the police to the prosecutor. For purposes of this rule, a delay of more than two weeks from the date of completion of the police investigation of the offense to the time of receipt of the referral by the prosecutor shall be deemed prima facie evidence of an unreasonable delay. Upon a prima facie showing of unreasonable delay, the court shall then determine whether or not dismissal or other appropriate sanction will be imposed. Among those factors otherwise considered, the court shall consider the following: (1) the length of the delay; (2) the reason for the delay; (3) the impact of the delay on the ability to defend against the charge; and (4) the seriousness of the alleged offense.

The trial court believed the spirit and intent of this local rule applied to the time taken by the prosecutor's office as well as to delays by the police. By its terms, the local rule is confined to unreasonable delay by the police.

The authority of the court to dismiss is contained in CrR 8.3(b) (made applicable to juvenile court prosecutions by JuCR 1.4(b)) which provides:

> The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order.

In construing this rule the Supreme Court said:

> The word "may" gives the trial court discretion in determining whether or not to dismiss a criminal prosecution.

*See State v. Osborn,* 87 Wn.2d 161, 550 P.2d 513 (1976). The discretion must be exercised in accordance with our requirement that the record show "governmental misconduct or arbitrary action of the type historically regarded by this court as sufficient to support a dismissal of a criminal charge." (Footnote omitted.) *State v. Starrish,* 86 Wn.2d 200, 205–06, 544 P.2d 1 (1975).

*State v. Burri,* 87 Wn.2d 175, 183, 550 P.2d 507 (1976). *See also State v. Dailey,* 93 Wn.2d 454, 457, 610 P.2d 357 (1980). The reason for the delay in charging Cantrell was that the prosecutor's office wanted first to have a certified copy of the detention order to support the charge. Because the court relied on the time lapse of 6 weeks alone there is not sufficient showing that there was arbitrary action or historical governmental misconduct. Cantrell has not shown that 6 weeks was an unusually long period to obtain a copy of the order or that he suffered any prejudice by the delay. Thus, the trial court manifestly abused its discretion.

The judgment of dismissal is reversed and the cause remanded for trial.

SCHOLFIELD, C.J., and COLEMAN, J., concur.

Review granted by Supreme Court February 11, 1988.