[No. 54468-9. En Banc. September 8, 1988.]

THE STATE OF WASHINGTON, *Appellant,* v. MANUEL RUELAS CHAVEZ, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. RICHARD JAMES ROTTER, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. TIMOTHY JOHN BLACKMAN, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. SHAMEEKA LAVONNE AVERY, *Respondent.*

*Dennis DeFelice, Prosecuting Attorney,* and *Robert A. Ellis, Deputy,* for appellant.

*Daniel M. Arnold,* for respondent Chavez.

*Terry J. Bloor,* for respondent Rotter.

*Arthur J. Bieker,* for respondents Blackman, et al.

ANDERSEN, J.—

## FACTS OF CASE

At issue in these four consolidated cases is the validity of a local court rule providing that an action brought against a juvenile may be dismissed if there is more than a 30–day delay between the completion of the police investigation and the filing of an information by the prosecuting attorney.

LJuCR 7.14(b), as written by a Benton/Franklin County Superior Court judge, was circulated among the Benton/Franklin County Superior Court judges for comment, approval or disapproval in January 1986. No objection being made to the rule, it was deemed adopted. The rule provided:

> To Dismiss for Delay in Referral of Offense, the Court may dismiss an information if it is established that there has been an unreasonable delay in referral of the offense to the Court. For purposes of this rule, a delay of more than thirty (30) days from the date of completion of the police investigation of the offense to the time of filing of the charge shall be deemed *prima facie* evidence of an unreasonable delay. Upon a prima facie showing of unreasonable delay, the Court shall then determine whether or not dismissal or other appropriate sanctions will be imposed. Among those factors otherwise considered, the Court shall consider the following: (1) the length of the delay; (2) the reason for the delay; (3) the impact of the delay on ability to defend against the charge; and (4) the seriousness of the alleged offense. Unreasonable delay shall constitute an affirmative defense which must be raised by motion not less than one (1) week before trial. Such motion may be considered by affidavit.

LJuCR 7.14(b).

Following its approval by the judges, the rule was submitted to the Office of the Administrator for the Courts for filing. This procedure was consistent with that regularly followed by the Benton/Franklin County Superior Court judges when adopting or amending local rules. The rule was filed and became effective on April 28, 1986.

The January 1986 adoption of LJuCR 7.14(b) was nowhere documented. Neither a filed action nor a court order was entered in the county clerk's records for Franklin or Benton Counties following the rule's January 1986 adoption. Nor was LJuCR 7.14(b) submitted to the local bar for comment prior to adoption. Adoption of the rule was, however, announced at the April 24, 1986 Legal Process Quarterly Review Meeting held at the Benton/Franklin County

Juvenile Justice Center. The rule was read to those present, including local attorneys and court officials.

Unable to find a court order or filed action in the county clerk's office documenting majority approval, the Franklin County Prosecuting Attorney challenged whether LJuCR 7.14(b) had been adopted by proper majority procedure. The Benton/Franklin County Superior Court judges addressed the lack of documentation at a June 9, 1986 meeting. All judges present ratified LJuCR 7.14(b) as previously adopted.[1]

Following adoption of LJuCR 7.14(b), the cases against four juvenile defendants were dismissed pursuant to a superior court finding that the delay between completion of the police investigation and filing of the information by the prosecuting attorney was unreasonable under the four LJuCR 7.14(b) factors.[2]

The relevant facts and dates resulting in dismissal of each of these four cases are as follows.

MANUEL RUELAS CHAVEZ

2–12–86 Date of alleged criminal activity
2–19–86 Completion of police investigation and submittal to prosecutor
6–11–86 Filing of information charging second degree burglary

A period of approximately 4 months elapsed between the completion of the police investigation and the filing of the information. The former prosecuting attorney, the Honorable C.J. Rabideau, who filed the appellate brief in the Chavez and Rotter cases, concedes that he purposefully delayed filing charges after the motions to dismiss were

---

[1]As of April 1, 1988, this local juvenile court rule was redesignated LJuCR 7.15(B) by the superior court judges of Benton/Franklin County.

[2]At this point, we note parenthetically that the prosecuting attorney presently handling these consolidated cases took office on January 1, 1987. Thus, all of the cases herein arose during his predecessor's term of office and many of the actions and nonactions involved herein are those of his predecessor.

filed "in order to insure a set of facts guaranteeing [that] the rule would be squarely tested on appeal."[3] In its order of dismissal, the court determined that LJuCR 7.14(b) was not prima facie unreasonable and that this court's guidelines in CR 83 and GR 7 had been followed in adopting the local rule. Of the four factors to be considered, the court held that the length of delay and reason for delay were the most important considerations. The court acknowledged that burglary was a serious offense. It made no specific findings regarding prejudice to the defendant's ability to defend due to the delay. However, because of the length of and reason for delay, the court dismissed the charges.

RICHARD JAMES ROTTER

2–12–86 Date of alleged criminal activity

2–19–86 Completion of police investigation and submittal to prosecutor

6–9–86 Filing of information charging second degree burglary

A period of approximately 4 months elapsed between the police investigation and the filing of the information. After reviewing the LJuCR 7.14(b) factors, the court dismissed the second degree burglary charge against the defendant. Again, as indicated above, the former prosecuting attorney stated that he had purposefully delayed filing charges in order to challenge LJuCR 7.14(b) on appeal. The court determined that CR 83 and GR 7 had been complied with and that LJuCR 7.14(b) was not prima facie unreasonable. The court stated that in reviewing the LJuCR 7.14(b) factors, the length of delay and reason for the delay were the most important considerations. The court observed that the offense was serious but made no specific findings regarding prejudice to the defendant's ability to defend due to the delay. The court concluded, however, that the seriousness of the offense and the lack of actual prejudice were outweighed by the length of and the reason for delay.

---

[3]Brief of Appellant (in Chavez and Rotter cases), at 2.

TIMOTHY BLACKMAN

1–1–86 Date of alleged criminal activity
1–6–86 Completion of police report and submittal to prosecutor
2–25–87 Filing of information charging second degree burglary

A period of over 1 year elapsed between the completion of the police investigation and the filing of the information. After considering the LJuCR 7.14(b) factors, the Superior Court dismissed the second degree burglary charge against the defendant. The prosecutor had given no reasons for the delay. The court concluded that while the offense was serious, the delay caused by the prosecutor would damage the defendant's ability to defend himself, even if only slightly.

SHAMEEKA AVERY

5–21–86 Date of alleged criminal activity
7–15–86 Completion of police report and submittal to prosecutor
1–17–87 Filing of information charging third degree assault

A period of over 6 months elapsed between the completion of the police report and the filing of the information. No excuse was given for the delay. The court dismissed the third degree assault charges against the defendant after determining that although the assault charge was serious, the delay caused by the prosecutor would damage the defendant's ability to defend herself, even if only slightly.

The State then sought review of the four dismissals in the Court of Appeals. The Court of Appeals, in turn, certified the cases to this court.[4] We accepted certification on October 15, 1987.

Three issues are presented.

---

[4] RCW 2.06.030(2)(d).

## ISSUES

ISSUE ONE. Did the Superior Court for Benton and Franklin Counties lawfully adopt the local rule in question, LJuCR 7.14(b)?

ISSUE TWO. Does the local rule, LJuCR 7.14(b), violate the separation of powers doctrine?

ISSUE THREE. Was the local rule, LJuCR 7.14(b), properly applied when the court dismissed the four defendants in this case?

## DECISION

ISSUE ONE.

CONCLUSION. The Benton/Franklin County Superior Court local juvenile court rule (LJuCR 7.14(b)) was not improperly adopted pursuant to this court's guidelines in CR 83 and GR 7 and is consistent with the policy of prompt adjudication that underlies the juvenile justice system.

In promulgating and amending local court rules governing practice and procedure, superior courts must follow the guidelines set forth by this court in CR 83 and GR 7. CR 83 contains three requirements. First, the adoption or amendment of a local rule must be made by action of the majority of the court. Second, the local rule must not be inconsistent with the general rules of procedure as established in the Official Rules of Court that govern all superior courts in this state. Third, the local rule or amendment becomes effective only after being filed with the state Administrator for the Courts in accordance with GR 7.

Like CR 83, GR 7 requires local rules to be consistent with those promulgated by the Supreme Court, and adds that they also should conform to those rules in numbering and format. GR 7 also states that adoptions and amendments are effective only after they have been filed with the state Administrator for the Courts.

■ The Benton/Franklin County Superior Court judges satisfied the first requirement of CR 83 by adopting LJuCR 7.14(b) by majority action in January 1986. CR 83(a) does

not state that a formal action must be filed or that a court order must be entered in the records of the county clerk to prove majority action. However advisable such a course might be, these words not being included in the plain language of the rule will not be read into it.[5] Moreover, while documentation of majority approval is not specifically required by CR 83, the Benton/Franklin County Superior Court judges addressed their earlier lack of documentation by ratifying LJuCR 7.14(b) (as previously approved) at their June 9, 1986 meeting. Following the January 1986 approval of LJuCR 7.14(b), the rule was filed with the state Administrator for the Courts, as required by both CR 83 and GR 7.

The judges also satisfied the requirement of CR 83 and GR 7 that a local rule must be consistent with the general rules of procedure in the Official Rules of Court.

"Inconsistent" when involving court rules means "court rules so antithetical that it is impossible as a matter of law that they can both be effective."[6] Nothing suggests that LJuCR 7.14(b) is inconsistent with other court rules governing juvenile practice and procedure. Indeed, LJuCR 7.14(b) appears to be aimed at promoting the juvenile justice system's goal of prompt adjudication and is consistent with other rules that establish shorter time limitations for processing juvenile cases. For example, LJuCR 7.14(b) is consistent with JuCR 7.3's time restraint for filing an information when a juvenile is in custody. JuCR 7.3 provides that a juvenile who is taken into custody before an information is filed must be released unless an information is filed within 72 hours. If taken into custody and held in detention after an information is filed, the juvenile must be released if determination of the necessity of continued detention is not made within 72 hours.

[5]*State v. McIntyre*, 92 Wn.2d 620, 622–23, 600 P.2d 1009 (1979); *Detwiler v. Gall, Landau & Young Constr. Co.*, 42 Wn. App. 567, 569, 712 P.2d 316 (1986).

[6]*Heaney v. Seattle Mun. Court*, 35 Wn. App. 150, 155, 665 P.2d 918 (1983).

Other court rules also demonstrate the goal of prompt adjudication of juvenile cases. This goal is reflected in the shorter "speedy trial" rule for juveniles pursuant to JuCR 7.8(b) (30 to 60 days instead of 60 to 90 days for an adult under CrR 3.3(c)) and the shorter period between conviction and sentencing for juveniles pursuant to JuCR 7.12(a) (14 to 21 days instead of 40 days for an adult under RCW 9.94A.110).

While the method of adopting LJuCR 7.14(b) was informal, such informality does not affect its validity in this case. Unlike this court, superior courts are not bound by formal procedures in promulgating local court rules.[7] There is, for example, no express requirement for notification, commentary and publication. Steps surrounding promulgation and amendment of local rules are left to the discretion of the counties concerned. In some counties the courts by local rule have very properly established requirements for promulgation, publication, and bar comment before adoption of local rules.[8] We conclude, however, that such requirements are not mandatory, and that LJuCR 7.14(b) was lawfully adopted.

ISSUE TWO.

CONCLUSION. The local rule (LJuCR 7.14(b)) does not infringe upon the prosecutorial function in violation of the separation of powers doctrine because it is a proper exercise of the court's inherent power of review over procedural aspects of cases before it.

It is well established that the promulgation of rules governing practice and procedure is part of a court's inherent power.[9] The issue of a court's authority to adopt a rule affecting preinformation or prearrest procedures, however,

---

[7]*See* GR 7 and CR 83.

[8]*See* King County Superior Court Local Rule 83(a); Yakima County Superior Court Local Rule GLR 9.0; Kitsap County Superior Court Local Rule 2.

[9]*State v. Edwards*, 94 Wn.2d 208, 212, 616 P.2d 620 (1980); *State v. Smith*, 84 Wn.2d 498, 501, 527 P.2d 674 (1974).

is one of first impression in this state. The local juvenile court rule in this case, LJuCR 7.14(b), clearly applies before a court has jurisdiction over a juvenile case. Our own juvenile court rule, JuCR 7.1, states that "[j]uvenile court jurisdiction is invoked over a juvenile offense proceeding by filing an information." In addition, this court has concluded that "jurisdiction over offenses committed by a juvenile is to be determined at the time proceedings are instituted against the offender."[10] LJuCR 7.14(b), the local rule here under scrutiny, examines the validity of prosecutorial delay *before* proceedings are instituted against a juvenile.

The State argues that courts have no authority to make such an examination and that the timing as well as the content of charging decisions should be left totally to the prosecutor's discretion. The juvenile defendants respond that prefiling delays can prejudice a juvenile defendant's ability to obtain a fair trial and that a juvenile ought to be able to bring such delays to a trial court's attention. "'[A] preprosecution delay can result in the loss of physical evidence, the unavailability of potential witnesses, and the impairment of the ability of the prospective defendant and his witnesses to remember the events in question. . . .'"[11]

The juvenile defendants contend that a court may review prefiling delays pursuant to state and federal speedy trial provisions.[12] The United States Supreme Court has concluded, however, that either a formal indictment or information, or else the actual restraints imposed by arrest and holding to answer to a criminal charge, are necessary to engage the protection of the Sixth Amendment speedy trial

---

[10]*State v. Calderon*, 102 Wn.2d 348, 351–52, 684 P.2d 1293 (1984).

[11]*United States v. Marion*, 404 U.S. 307, 332 n.4, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971) (Douglas, J., concurring), quoting Note, *The Right to a Speedy Trial*, 20 Stan. L. Rev. 476, 489 (1968).

[12]Const. art. 1, § 22 (amend. 10); U.S. Const. amend. 6.

provisions.[13] This court has similarly determined that the right to a speedy trial attaches with the formal filing of an information or indictment under both the federal and state constitutions.[14] Thus, constitutional speedy trial provisions provide no support for court rules affecting preprosecution aspects of a case.

 Washington courts do, however, have authority to review prejurisdictional events pursuant to due process provisions. While statutes of limitations are the "'primary guarantee against bringing overly stale criminal charges'",[15] such statutes do not fully define a defendant's rights with respect to events occurring prior to charging.[16] Instead, due process requires dismissal of a charge if it is shown at trial that precharging delay caused substantial prejudice to a defendant's rights to a fair trial.[17] We have framed a 3-prong test for determining when preaccusatorial delay violates due process.[18] Under that test, "(1) The defendant must show he was prejudiced by the delay; (2) the court must consider the reasons for the delay; and (3) if the State is able to justify the delay, the court must undertake a further balancing of the State's interest and the prejudice to the accused."[19]

---

[13]*Marion*, 404 U.S. at 320; *see also United States v. Loud Hawk*, 474 U.S. 302, 310, 88 L. Ed. 2d 640, 106 S. Ct. 648, *reh'g denied*, 475 U.S. 1061 (1986).

[14]*State v. Jestes*, 75 Wn.2d 47, 51, 448 P.2d 917 (1968).

[15]*State v. Haga*, 8 Wn. App. 481, 483, 507 P.2d 159, *review denied*, 82 Wn.2d 1006 (1973), quoting *United States v. Ewell*, 383 U.S. 116, 122, 15 L. Ed. 2d 627, 86 S. Ct. 773 (1966).

[16]*Haga*, 8 Wn. App. at 484, citing *Marion*, 404 U.S. at 322.

[17]*See Marion*, 404 U.S. at 322–25; *Haga*, 8 Wn. App. at 485.

[18]*Calderon*, 102 Wn.2d at 352–53.

[19]*State v. Alvin*, 109 Wn.2d 602, 604, 746 P.2d 807 (1987), citing *Calderon*, 102 Wn.2d at 352–53.

The juvenile court rule here in question (LJuCR 7.14(b)) appears consistent with due process in that it requires the court to consider similar factors in determining whether to dismiss a case against a juvenile defendant because of prefiling delay.

The State incorrectly asserts that the rule before us changes substantive law by shifting the burden to the State to disprove prejudice. Initially, the burden is on the juvenile defendant to bring a pretrial motion challenging the preprosecution delay. Under the local rule, a delay of more than 30 days between the completion of the police investigation and the filing of the information is only *prima facie* evidence of unreasonable delay. It is not evidence in itself of harm to a juvenile's defense, or prejudice. We deem it implicit under factor three of LJuCR 7.14(b) that a juvenile defendant must make a showing of prejudice to his or her ability to defend in order to justify dismissal of the charge against the juvenile. However, as with the due process analysis, the inquiry does not stop with a showing of prejudice. Rather, the court must consider the State's reasons for delay. The State is not required to disprove prejudice, but it must explain its reasons for delaying beyond 30 days in filing an information once the police investigation is complete.

The State contends that any such explanation is inconsistent with the concept of broad prosecutorial discretion recognized by the Court of Appeals in *State v. Boseck,* 45 Wn. App. 62, 723 P.2d 1182 (1986). In *Boseck,* the court determined that the federal constitution does not require charges to be filed immediately after the State has sufficient evidence to prove guilt. Broad prosecutorial discretion in matters of charging was recognized as the policy reason against formulating strict rules regarding the proper time to bring a charge.[20] We do not, however, perceive such a policy as being inconsistent with a rule of court for juvenile cases that presents reasonable time limits within which the

---

[20]*State v. Boseck,* 45 Wn. App. 62, 68, 723 P.2d 1182 (1986).

prosecutor's office should act or, if it chooses not to act, to offer an explanation for its inaction. Broad prosecutorial discretion is not equivalent to completely unlimited prosecutorial authority.[21]

The State maintains, however, that statutes of limitations are the only restraint placed on prosecutors in bringing charges and that courts may not fix lesser times before such statutes expire. Statutes of limitations specify the limit beyond which there is an irrebuttable presumption that the defendant's right to a fair trial is prejudiced.[22] However, while statutes of limitations continue as the primary guaranty against bringing stale charges, they do not preclude courts from raising a rebuttable presumption of prejudice where as here there is a prearrest delay short of the period set by the statute of limitations.[23] Nor do statutes of limitations automatically excuse unreasonable delay or failure to prosecute at an earlier time.[24] Indeed, statutes of limitations do not preclude judicial inquiry into the reasonableness or constitutionality of delays within that period.[25] This conclusion is supported by the court's ability to review prearrest delays to determine whether a defendant's due process rights have been violated.[26]

The State further contends that LJuCR 7.14(b) is an unconstitutional impingement on prosecutorial, or executive, authority because it is a judicially imposed statute of

---

[21]See *United States v. Lovasco*, 431 U.S. 783, 795, 52 L. Ed. 2d 752, 97 S. Ct. 2044, *reh'g denied*, 434 U.S. 881 (1977).

[22]*State v. Haga*, 13 Wn. App. 630, 632, 536 P.2d 648 (1975), *cert. denied*, 425 U.S. 959 (1976), citing *Marion*, at 322.

[23]See *Jackson v. United States*, 351 F.2d 821, 822 (D.C. Cir. 1965).

[24]See *Woody v. United States*, 370 F.2d 214, 216–17 (D.C. Cir. 1966); *Ross v. United States*, 349 F.2d 210, 211 (D.C. Cir. 1965).

[25]See *Marion*, 404 U.S. at 324; *see also Ewell*, 383 U.S. at 122.

[26]See *Marion*, 404 U.S. at 324; *Ross*, 349 F.2d at 211–12.

limitations more restrictive than that created by the Legislature. This court discussed a similar argument in *State v. Edwards*, 94 Wn.2d 208, 616 P.2d 620 (1980) in which the State challenged the constitutionality of the CrR 3.3 requirement that the charging decision be made within a certain time following arrest. Similar to the State's argument regarding LJuCR 7.14(b) herein, the State contended in *Edwards* that the rule interfered with the prosecutor's discretion in charging and infringed on the legislative function because it constitutes a judicial creation of substantive law. Dismissing the State's contention that the rule created a substantive statute of limitations, this court stated that "[t]he time limits are triggered by the *State's* actions and are not an attempt to limit the time for prosecution of a specific crime. The State need neither arrest nor charge; only by beginning an action does it invoke the provisions of CrR 3.3."[27] Similarly, the time restraint placed upon the State pursuant to LJuCR 7.14(b) is initially triggered by the State's own action—here, by police referral of a juvenile case to the prosecutor.

We emphasize, however, that this local rule cannot be read to impose a duty on the prosecuting attorney to file an information against a juvenile before the police investigation is complete. It would benefit no one to have a prosecuting attorney pressured into prematurely filing charges.[28] The decision of whether or not to file a charge is too solemn and important a decision to be made in haste. In the State of Washington, a prosecuting attorney depends upon law enforcement agencies to conduct the factual investigation which must precede the decision to prosecute and, as a consequence, the prosecuting attorney has the right to see that a thorough factual investigation has been conducted before deciding whether to prosecute.[29] LJuCR 7.14(b) is

---

[27]*State v. Edwards,* 94 Wn.2d 208, 212, 616 P.2d 620 (1980).

[28]*See Boseck,* 45 Wn. App. at 68–69; *Lovasco,* 431 U.S. at 791–92.

[29]*See* RCW 9.94A.440 (Guideline/Commentary).

not inconsistent with this right since, as we interpret the rule, it does not require a prosecutor to file an information before a thorough factual investigation has been completed. Moreover, expiration of the 30–day time limit provided for in the rule is only "prima facie evidence of unreasonable delay". The rule merely places the burden on the prosecuting attorney to explain the reasons for delay. Exceeding the LJuCR 7.14(b) time restraint is permissible if the State has legitimate reasons for delay. Only by unjustifiable delay does the State risk invocation of the dismissal sanctions of the rule.

Although we understand the prosecuting attorneys'[30] justifiable concern lest their lawful authority be infringed upon, we do not perceive this juvenile court rule as constituting an unlawful infringement upon prosecutorial authority. Rather, as we view it, it is a reasonable procedural rule designed to guard against unjustifiable delays in the process of charging juvenile offenders. As such, we hold that it is a valid rule that does not violate the separation of powers doctrine.

ISSUE THREE.

CONCLUSION. A dismissal pursuant to LJuCR 7.14(b) is unwarranted unless the court makes a finding of actual prejudice resulting from the filing delays.

■ Under LJuCR 7.14(b) the trial court "may" dismiss an information against a juvenile defendant if the court determines that there has been an unreasonable delay. "The word 'may' gives the trial court discretion in determining whether or not to dismiss a criminal prosecution."[31] Exercise of the court's discretion in dismissal is reviewable only for a manifest abuse of discretion.[32] However, "dismissal of charges remains an extraordinary remedy", and is

---

[30]See footnote 2.

[31]*State v. Burri*, 87 Wn.2d 175, 183, 550 P.2d 507 (1976).

[32]*State v. Dailey*, 93 Wn.2d 454, 456, 610 P.2d 357 (1980); *State v. Sulgrove*, 19 Wn. App. 860, 863, 578 P.2d 74 (1978).

appropriate only if the defendant's right to a fair trial has been prejudiced.[33]

The courts dismissed two defendants herein after determining that they were only "slightly" prejudiced in their abilities to defend against the charges. The other two defendants were dismissed without any specific findings of prejudice. Dismissal without specific determinations that prosecutorial delay resulted in actual harm to the four defendants' defense was improper under the standards set forth in LJuCR 7.14(b).

Having decided that the Benton/Franklin County local juvenile court rule, LJuCR 7.14(b), was properly adopted and is constitutional, we conclude that the trial courts still must determine whether the delays in any of the four cases resulted in actual prejudice to the defendant's ability to defend against the charges.

Reversed and remanded.

BRACHTENBACH, DOLLIVER, CALLOW, and DURHAM, JJ., concur.

DORE, J. (dissenting in part, concurring in part)—While I agree with the majority's conclusion regarding the adoption of Benton/Franklin County Local Juvenile Court Rule 7.14(b), I dissent from its reasoning on the separation of powers issue and from its conclusion that these cases should be remanded for findings of prejudice regarding each defendant's ability to defend against the charges. The majority rewrites this rule on appeal. That is unnecessary and unjust, because it compounds the harm these juveniles have already suffered.

---

[33]*State v. Laureano,* 101 Wn.2d 745, 762, 682 P.2d 889 (1984); *State v. Cantrell,* 49 Wn. App. 917, 920, 745 P.2d 1314 (1987), *aff'd,* 111 Wn.2d 385, 758 P.2d 1 (1988).

## The Delays in These Cases Were Clearly Unreasonable Under the Rule

There are four juvenile defendants involved here. In each case the State engaged in unreasonable delay in filing charges.

Timothy Blackman was alleged to have committed second degree burglary on January 1, 1986. The police report was completed and forwarded to the prosecutor within a week, on January 6, 1986. The State, however, did not charge Blackman for *over a year,* until February 25, 1987.

The police report on Manuel Ruelas Chavez was completed and forwarded to the prosecuting attorney on February 19, 1986. He was not charged with second degree burglary until 4 months later, on June 11, 1986. The State also delayed charging Richard Rotter for 4 months. Rotter was investigated for burglary, and the police completed their report and forwarded it to the prosecutor on February 12, 1986. Charges were not filed until June 9, 1986, however.

Shameeka Avery was charged with third degree assault on January 22, 1987. The alleged assault, however, took place 8 months before and the police report had been forwarded to the prosecution 6 months before, on July 15, 1986.

In each of these cases, especially Blackman's, it seems to me that the juvenile has suffered per se prejudice by the State's delay. Even if I agreed with the majority that prejudice was required under the local rule, I would affirm the trial court's dismissal of these cases. It seems absolutely clear that the delay in each of these cases was at least unreasonable, and I would affirm the trial court in the four cases because unreasonable delay is all that LJuCR 7.14(b) requires to justify dismissal.

## THE DISMISSALS WERE PROPER UNDER
## THE LOCAL RULE

The majority writes:

Dismissal without specific determinations that prosecutorial delay resulted in actual harm to the four defendants' defense was improper under the standards set forth in LJuCR 7.14(b).

Majority, at 563. The problem with this conclusion is that the local rule does not require a finding of prejudice in the ability to defend as a prerequisite to dismissal. The rule provides in part:

Upon a prima facie showing of unreasonable delay, the Court shall then determine whether or not dismissal or other appropriate sanction will be imposed. Among those factors otherwise considered, the Court shall consider the following: (1) the length of the delay; (2) the reason for the delay; (3) the impact of the delay on ability to defend against the charge; and (4) the seriousness of the alleged offense.

Brief of Appellant, at 32. As the majority recognizes, the trial judge relies on his discretion in determining the appropriate sanction. The rule lists four factors which ought to be considered in arriving at a decision. While consideration of all four is mandatory, none of the four is either necessary or sufficient to require dismissal. Prejudice to the ability to defend may indicate that dismissal is appropriate, but it also may, within the terms of the rule, constitute grounds for "other appropriate sanction." Similarly, the trial court may consider whether there is prejudice to the ability to defend and determine that such prejudice is slight or nonexistent. The court may nevertheless, within the terms of the rule, determine that one or more of the other three factors necessitates dismissal. In short, the rule requires *consideration* of the four factors, not a positive *finding* as to each and every one.

In a sense, the majority turns the rule upside down. As the majority reads the rule, dismissal is justified by prejudice to the defendant and unreasonable delay is an indicator of prejudice. The rule, however, does not read that way. Instead, the rule provides for dismissal or other sanction when there has been unreasonable delay. Whether a delay is unreasonable depends, in part, on the four factors, including prejudice to the ability to defend.

The rule focuses on unreasonable delay, rather than prejudice per se, because it is a *juvenile* court rule. Prompt *disposition* is a paramount value in juvenile prosecutions, as a number of features of the system indicate. For example, the speedy trial period for juveniles is 30 to 60 days, JuCR 7.8(b), compared with 60 to 90 days for adults. CrR 3.3(c). The sentencing period for adults is 40 days. RCW 9.94A.110. For juveniles, that period is 14 days. JuCR 7.12(a). The concern for promptness arises from the special nature of juvenile prosecutions. Unlike adult criminal proceedings, a primary purpose of juvenile proceedings is rehabilitation, not punishment alone. *State v. Rice*, 98 Wn.2d 384, 393, 655 P.2d 1145 (1982). Unless charges are resolved promptly, the process of rehabilitation is delayed, with a resulting threat to the juvenile's opportunities for *rehabilitation and the likelihood of success*. The local rule's stress on unreasonable delay is a reflection of those concerns. Its plain terms require dismissal for delay, not prejudice.

Therefore, while it is true that the trial courts did not make findings regarding prejudice in the ability to defend these cases, it is not necessary to remand for such findings. It is enough that, in each trial judge's considered opinion, dismissal was called for on the ground of unreasonable delay.

### THE SEPARATION OF POWERS PROBLEM

As I read LJuCR 7.14(b), it does not require a showing of prejudice to the ability to defend. Its plain terms require no more than a finding of unreasonable delay. The majority

arrives at a different conclusion primarily because it fears this "plain meaning" construction of the rule may violate the separation of powers.

There are, of course, substantial separation of powers considerations in a dismissal for preinformation misconduct. Such a dismissal, whether pursuant to a court rule or not, risks encroachment on the Legislature's power to set limitations periods and on the executive's discretion in initiating criminal proceedings. Therefore, aside from statutes of limitations, a court can dismiss only on independent constitutional grounds; that is, for a violation of due process. *United States v. Lovasco,* 431 U.S. 783, 52 L. Ed. 2d 752, 97 S. Ct. 2044 (1977); *United States v. Marion,* 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971).

The majority concludes that a dismissal for unreasonable delay is not a dismissal for a violation of due process. Consequently, in order to avoid a separation of powers problem, the majority reads into LJuCR 7.14(b) the requirement that the defendant show prejudice to the ability to defend. This *seems* to make sense, since our cases require a showing of prejudice before a due process violation will be found. In *State v. Calderon,* 102 Wn.2d 348, 352-53, 684 P.2d 1293 (1984) we held:

> *The defendant must show that he was prejudiced by the delay* and, in making its due process inquiry, the court must consider the reasons for the delay as well as the prejudice to the accused.
>
> . . .
>
> Simply establishing prejudice is not enough, however. To find a due process violation, the court must also consider the State's reasons for the delay. If the State is able to justify the delay, the court must undertake a further balancing of the State's interest and the prejudice to the accused.

(Citations omitted. Italics mine.) *Calderon,* at 352-53. The majority reasons that, since the trial court can dismiss only for a due process violation and since *Calderon* requires a showing of prejudice, dismissal under LJuCR 7.14(b) requires a showing of prejudice to the ability to defend.

However, "prejudice" within the meaning of *Calderon* is not limited to prejudice in the ability to defend. We recognized in that case that prejudice sufficient to violate due process may consist solely of the loss of the special benefits of the juvenile justice system. *Calderon,* at 352–53. Because one of the prime values of the juvenile justice system is the prompt disposition of charges, unreasonable delay *standing alone* may constitute a due process violation, including the prejudice required by *Calderon.* A "plain meaning" reading of LJuCR 7.14(b) does not violate the separation of powers because the rule merely guides the trial court in determining whether due process has been violated by a delay in charging.

### CONCLUSION

The local rule required the trial judges only to determine whether the State had committed "unreasonable delay" in charging these juveniles. We will ordinarily reverse for an abuse of discretion only where no reasonable person would arrive at the same conclusion as the trial court. *Purser v. Rahm,* 104 Wn.2d 159, 174, 702 P.2d 1196 (1985); *Griggs v. Averbeck Realty, Inc.,* 92 Wn.2d 576, 584, 599 P.2d 1289 (1979). The trial courts did conclude that the State's actions in each of these cases resulted in unreasonable delay. In my opinion, on this record any reasonable person would reach the same conclusion.

I would affirm the trial court's decision in each case.

PEARSON, C.J., and UTTER, J., concur with DORE, J.