# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70638-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SILOAM SABIAN KAHLER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 22, 2014 |
| | ) | |

VERELLEN, J. — Siloam Kahler appeals his criminal convictions, arguing that he was denied his constitutional rights to a speedy trial. But Kahler's constitutional speedy trial rights did not attach until the charges were filed. Under all the circumstances, the seven-month delay until trial was not presumptively prejudicial. Accordingly, we affirm.

## FACTS

On August 3, 2012, Kahler spoke with City of Burlington police during their investigation of a domestic assault, but he provided a false name. Police later discovered Kahler's true identity and determined that he had an outstanding felony warrant for failing to register as a sex offender and for bail jumping. Kahler was then arrested pursuant to the warrant. When Kahler was searched incident to arrest, officers discovered drug paraphernalia and a controlled substance.

Kahler subsequently pleaded guilty to two counts of failing to register and he was sentenced to 14 months of imprisonment, which he served at the Monroe Correctional Center. On December 5, 2012, while Kahler was incarcerated on those convictions, the

Skagit County prosecuting attorney charged him with possession of a controlled substance, in violation of RCW 69.50.4013, and with making false or misleading statements to a public servant, in violation of RCW 9A.76.175.[1]

More than four months later, in April 2013, Kahler sent a detainer request to the Skagit County prosecuting attorney, seeking to have the pending charges resolved. The Department of Corrections transported Kahler to Skagit County, and he was arraigned on the pending charges on May 8, 2013. Kahler filed multiple motions asserting that his constitutional and rule-based rights to a speedy arraignment and speedy trial were violated by the delay between his arrest and trial. The trial court denied these motions. On July 1, 2013, the trial court held a stipulated bench trial and found Kahler guilty of the charged offenses. He was sentenced to 54 days of confinement.[2]

Kalher appeals.

## DISCUSSION

Kahler contends that his constitutional speedy trial rights were violated. We disagree.

A defendant has federal and state constitutional rights to a speedy public trial.[3]

---

[1] Kahler was initially cited with knowingly giving false information to a public servant, in violation of RCW 9A.76.175, and possession of drug paraphernalia, in violation of RCW 69.50.412. Those misdemeanor charges, filed in municipal court, were dropped in October 2012, after the State received the results of lab tests revealing the presence of a controlled substance.

[2] The trial court also imposed a 310-day suspended sentence for Kahler's conviction for making false or misleading statements to a public servant.

[3] U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. Our state constitution "requires a method of analysis substantially the same as the federal Sixth Amendment analysis and does not afford a defendant greater speedy trial rights." State v. Iniguez, 167 Wn.2d 273, 290, 217 P.3d 768 (2009).

2

Where a defendant claims the denial of these rights, our review is de novo.[4] The defendant's constitutional rights to a speedy trial attach when a charge is filed or an arrest is made, whichever occurs first.[5] Some pretrial delay is often "inevitable and wholly justifiable,"[6] and any "inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case."[7] Accordingly, we utilize "an ad hoc balancing test that examines the conduct of both the State and the defendant to determine whether speedy trial rights have been denied."[8] The four factors to be considered are (1) the length of pretrial delay, (2) the reason for delay, (3) the defendant's assertion of his rights, and (4) prejudice to the defendant.[9]

In order to trigger such an analysis, however, a defendant must first demonstrate that the "interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay."[10] The length of delay that requires us to assess the other Barker factors is "dependent upon the peculiar circumstances of the case."[11] In determining whether the length of delay crosses "a line from ordinary to presumptively prejudicial,"[12] reviewing courts have considered the duration of pretrial

---

[4] Iniguez, 167 Wn.2d at 280.

[5] United States v. Loud Hawk, 474 U.S. 302, 311, 106 S. Ct. 648, 88 L. Ed. 2d 640 (1986); State v. Chavez, 111 Wn.2d 548, 558, 761 P.2d 607 (1988).

[6] Doggett v. United States, 505 U.S. 647, 656, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992).

[7] Barker v. Wingo, 407 U.S. 514, 522, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972).

[8] Iniguez, 167 Wn.2d at 283.

[9] Barker, 407 U.S. at 530.

[10] Doggett, 505 U.S. at 651-52 (citing Barker, 407 U.S. at 530-31).

[11] Barker, 407 U.S. at 530-31.

[12] Iniguez, 167 Wn.2d at 283.

custody, the complexity of the charges, and the extent to which a case involves a reliance on eyewitness testimony.[13] There is not a strict formula for the length of permissible delay, but other courts have found delays between eight months and one year presumptively prejudicial.[14]

Kahler focuses on the nine-month period between his August 2012 arrest and his May 2013 arraignment. But the constitutional rights to a speedy trial do not attach until either the charge is filed or an arrest is made, whichever occurs first.[15] Kahler was arrested on August 3, 2012, but his arrest was not based on his possession of a controlled substance or his false statements. Instead, that arrest was based on his outstanding felony warrant. Charges related to his August offenses were not filed until December 5, 2012. Therefore, Kahler's constitutional rights to a speedy trial did not attach until December 2012. His arraignment occurred five months later, on May 8, 2013, and his trial occurred on July 1, 2013, two months after arraignment.

Applying all of the relevant factors to Kahler's case, the seven months of pretrial delay here was not presumptively prejudicial. While Kahler was not facing complex charges, the length of delay between the time his speedy trial rights attached and the time of trial was less than the eighth-month delay that our Supreme Court found "just

---

[13] Id. at 292 (citing Barker, 407 U.S. at 530-31).

[14] See State v. Ollivier, 178 Wn.2d 813, 828, 312 P.3d 1 (2013); Iniguez, 167 Wn.2d at 291-92.

[15] See United States v. McDonald, 456 U.S. 1, 7-8, 102 S. Ct. 1497, 71 L. Ed. 2d 696 (1982); United States v. Marion, 404 U.S. 307, 313-24, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971) ("[I]t is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.").

beyond the bare minimum needed to trigger the Barker inquiry."[16] For most of the time that Kahler was in custody after his arrest, he was being held in custody on his convictions for failing to register rather than on the present charges.[17] Furthermore, the State's case against Kahler rested primarily on circumstantial evidence rather than eyewitness testimony, so there was little danger that the delay resulted in third-party witness memory issues or witness availability problems.[18] In light of these circumstances, the seven-month delay was not presumptively prejudicial. Accordingly, we need not analyze the remaining Barker factors. Kahler's constitutional speedy trial rights were not violated.[19]

We affirm.

WE CONCUR:

Trickey, J.

Spearman, C.J.

---

[16] Iniguez, 167 Wn.2d at 293.

[17] The record indicates that Kahler remained in custody on his convictions for failing to register at least through mid-April 2013.

[18] As the trial court noted, Kahler did not demonstrate that his own lack of memory of the incidents was related to the delay.

[19] Kahler does not assert a due process claim, such as a challenge to the pre-accusatorial delay between his criminal acts and the filing of the charges. See State v. Oppelt, 172 Wn.2d 285, 288-90, 257 P.3d 653 (2011).